# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 521 | **DATE** | 4/17/2012 |
| **CASE TITLE** | Wells Fargo Bank, N.A. vs. Mr. Gary Horwitz | | |

**DOCKET ENTRY TEXT**

For the reasons stated below and pursuant to 28 U.S.C. § 1447©, Plaintiff's motion to remand [10] is granted. The instant action is hereby ordered remanded to the Circuit Court of Cook County, Illinois (12CH69), forthwith. All pending dates and motions before this Court are stricken as moot. Civil case terminated.

■[ For further details see text below.]   Docketing to mail notices.

# STATEMENT

This matter is before the court on Plaintiff Wells Fargo Bank, N.A.'s (Wells) motion to remand. Wells filed the complaint in the instant action in state court on January 3, 2012. On January 24, 2012, Defendant Gary Horwitz (Horwitz) removed the instant action to federal court, asserting in the notice of removal that this court has diversity subject matter jurisdiction. (Not. Par. 2). Wells now moves to remand the instant action to state court.

Wells argues that Horwitz is a resident of Illinois and that the instant action thus could not be removed to Illinois federal court under the forum defendant rule. Pursuant to 28 U.S.C. § 1441(b)(2), "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." *Id.* Horwitz argues that the forum defendant rule is not a jurisdictional rule and that Wells has waived its objection to the removal because its objection is untimely. Pursuant to 28 U.S.C. § 1447(c), "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." *Id.*; *see also e.g., Holmstrom v. Peterson*, 492 F.3d 833, 836 (7th Cir. 2007)(explaining forum

**STATEMENT**

defendant rule and indicating that it is not a jurisdictional rule); *In re Repository Technologies, Inc.*, 601 F.3d 710, 722 (7th Cir. 2010)(explaining that "the forum defendant rule is non-jurisdictional"). Horwitz removed the instant action on January 24, 2012 and the instant motion was filed on March 9, 2012. There is no showing that Wells delayed excessively in filing the motion to remand. A court can extend the 30-day deadline for equitable reasons. *See, e.g., Phoenix Global Ventures, LLC v. Phoenix Hotel Associates, Ltd.*, 422 F.3d 72, 75 (2nd Cir. 2005)(indicating that although "[t]his deadline is plainly mandatory," the deadline is not "jurisdictional, nor is there any statutory language that purports to limit the court's power to consider an overdue motion");*Fimex, Inc. v. Falcon Mgmt Group*, 2009 WL 2486301, at *2 (N.D. Ill. 2009)(explaining that a court in its discretion can extend the deadline under Federal Rule of Civil Procedure 6); *see also Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982)(stating that a non-jurisdictional deadline such as "a statute of limitations, is subject to waiver, estoppel, and equitable tolling"); *In re Bethesda Memorial Hosp., Inc.*, 123 F.3d 1407, 1413-14 (11th Cir. 1997)(stating that "[t]he rule section 1447(c) establishes is not a rigid and absolute rule" and that "[i]t does not require the district court to rule on the motion within thirty days; . . . nor does it unequivocally guarantee a federal forum to the parties once thirty days have elapsed"); *Jackson v. City of New York*, 2007 WL 1871511, at *1 n.3 (E.D.N.Y. 2007)(stating that the 30-day deadline in 28 U.S.C. § 1447(c) is subject to equitable tolling). There is no indication of an unreasonable delay on the part of Wells. Wells acted in a timely manner, filing the motion to remand before an initial status hearing was even set in this case. Horwitz has not shown that Wells voluntarily waived its right to raise the forum defendant rule. It should have been readily apparent to Horwitz that the forum defendant rule would be raised by Wells, and Horwitz has not shown that he has been prejudiced by any delay in filing the motion to remand. Horwitz does not dispute that he improperly removed the instant action contrary to the forum defendant rule. Therefore, pursuant to 28 U.S.C. § 1447(c), the motion to remand is granted.